UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60312-CR-COHN/SELTZER

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

GENET REMBERT, et al.,
    Defendant.
_____ :

**DEFENDANT REMBERT'S PROPOSED JURY INSTRUCTION**

  The defendant, Genet Rembert, through counsel, respectfully requests that the Court charge the jury with the following instruction, pursuant to Fed. R. Crim. P. 30.

            Respectfully submitted,

            MICHAEL CARUSO
            FEDERAL PUBLIC DEFENDER

         By: s/ *Daryl E. Wilcox*
            Daryl E. Wilcox
            Assistant Federal Public Defender
            Florida Bar No. 838845
            One E. Broward Boulevard, Suite 1100
            Ft. Lauderdale, FL 33301-1842
            (954) 356-7436
            (954) 356-7556, Fax
            Daryl_Wilcox@FD.Org, E-Mail

## DEFENDANT'S PROPOSED OFFENSE INSTRUCTION

## Sex Trafficking by Force, Fraud or Coercion

## 18 U.S.C. § 1591(a)(1)

Title 18, United States Code, Sections 1591(a)(1) and (b)(1) make it a Federal crime or offense for anyone, knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing, or in reckless disregard of the fact, means of force, threats of force, fraud or coercion will be used to cause the person to engage in a commercial sex act.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:   that the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means the person named in the indictment.

<u>Second</u>:   that the defendant knew or was in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act.

<u>Third</u>:   that the defendant knew that his or her recruitment, enticement, harboring, transporting, providing, obtaining, or maintaining of the person was in or affected interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the Defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether

his conduct substantially affected interstate commerce by virtue of the fact that the defendant purchased items that had moved in interstate commerce.

"Coercion" means:

(A)     threats of serious harm to or physical restraint against any person;

(B)     any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(C)     the abuse or threatened abuse of law or the legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

With respect to the third element, the government must prove that the defendant knew that his recruiting, enticing, harboring, transporting, providing, or obtaining the person named in the indictment would affect interstate or foreign commerce.[1]  "Interstate" commerce means commerce between two or more states.

---

[1] *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (May 4, 2009); *United States v. Shim*, 584 F.3d 394, 395-396 (2nd Cir. 2009).

## CERTIFICATE OF SERVICE

      I HEREBY certify that on May 21, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  By: *s/Daryl E. Wilcox*
                                         Daryl E. Wilcox

J:\Rembert, Genet  Reg 01321-104\Pleadings\Jury instruction motion.wpd

SERVICE LIST
UNITED STATES v. GENET REMBERT, et al.
CASE NO. 12-60312-CR-COHN/SELTZER
United States District Court, Southern District of Florida

Francis Ines Viamontes, Esq.
francis.viamontes@usdoj.gov
Assistant United States Attorney
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394-3016
954-356-7255
954-356-7336, fax
Attorney for the Government
Notices of Electronic Filing

Deric Zacca, Esq.
Monarch Professional Centre
12781 Miramar Parkway, Suite 303
Miramar, FL 33024-4204
954-450-4848
954-450-4204, fax
Attorney for Mackenley Desir
Notices of Electronic Filing

Daryl E. Wilcox, Esq.
daryl_wilcox@fd.org
Assistant Federal Public Defender
One E. Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301-1842
954-356-7436
954-356-7556, fax
Attorney for Genet Rembert
Notices of Electronic Filing