UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60312-CR-COHN/SELTZER

UNITED STATES OF AMERICA,
          Plaintiff,

vs.

GENET REMBERT, et al.,
          Defendant.
_____:

**DEFENDANT REMBERT'S MEMORANDUM OF LAW
IN SUPPORT OF PROPOSED OFFENSE INSTRUCTION**

The defendant, Genet Rembert, through counsel, respectfully files a memorandum of law in support of her requested offense instruction, and in support thereof, Ms. Rembert states:

**After *United States v. Flores-Figueroa*, the Government Must Prove Beyond a Reasonable Doubt That the Defendant *Knew* That Her Recruiting, Harboring, Transporting, Providing, Obtaining, or Maintaining the Persons Named in the Indictment Was "In or Affecting Interstate Commerce"**

In *Flores-Figueroa v. United States*, 556 U.S. 646, 652 129 S.Ct. 1886, 1891( 2009), the Supreme Court reaffirmed that "courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element." After *Flores-Figueroa*, the government must therefore prove, and this Court must instruct the jury that the government must prove, that the defendant knew that his or her acts which allegedly caused the person named in the indictment to engage commercial sex acts regarding toward the persons named

in the indictment was in or affecting interstate commerce." *See, e.g., United States v. Shim*, 584 F.3d 394, 395-396 (2nd Cir. 2009) (reinterpreting the Mann Act after *Flores-Figueroa*, to require that government prove – and that the court instruct the jury that the government must prove – that defendant knew that women were transported in interstate commerce for prostitution; if "knowingly" only modified "the word 'transport,' rather than 'interstate commerce' then 'knowingly' is superfluous;" courts may not interpret a statute such that any of its terms are superfluous).

In *United States v. Evans*, 476 F.3d 1176, 1180 n.2 (11th Cir. 2007), the Eleventh Circuit held that the government was not required to prove that a defendant charged with enticing a minor to engage in a commercial sex act pursuant to 18 U.S.C § 1591(a) knew that his conduct affected interstate commerce. However, *Evans* predates the Supreme Court's decision in *Flores-Figueroa*. Accordingly, pursuant to the holding *Flores-Figueroa*, the Court should instruct the jury that the government must prove that the defendant(s) knew their acts affected interstate commerce.

                                    Respectfully submitted,

                                    MICHAEL CARUSO
                                    FEDERAL PUBLIC DEFENDER

By:  s/ *Daryl E. Wilcox*
       Daryl E. Wilcox
       Assistant Federal Public Defender
       Florida Bar No. 838845
       One E. Broward Boulevard, Suite 1100
       Ft. Lauderdale, FL 33301-1842
       (954) 356-7436
       (954) 356-7556, Fax
       Daryl_Wilcox@FD.Org, E-Mail

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 21, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Daryl E. Wilcox*
Daryl E. Wilcox

J:\Rembert, Genet  Reg 01321-104\Pleadings\Memorandum of law insupport of jury instructions.wpd

SERVICE LIST
UNITED STATES v. GENET REMBERT, et al.
CASE NO. 12-60312-CR-COHN/SELTZER
United States District Court, Southern District of Florida

Francis Ines Viamontes, Esq.
francis.viamontes@usdoj.gov
Assistant United States Attorney
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394-3016
954-356-7255
954-356-7336, fax
Attorney for the Government
Notices of Electronic Filing

Deric Zacca, Esq.
Monarch Professional Centre
12781 Miramar Parkway, Suite 303
Miramar, FL 33024-4204
954-450-4848
954-450-4204, fax
Attorney for Mackenley Desir
Notices of Electronic Filing

Daryl E. Wilcox, Esq.
daryl_wilcox@fd.org
Assistant Federal Public Defender
One E. Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301-1842
954-356-7436
954-356-7556, fax
Attorney for Genet Rembert
Notices of Electronic Filing