# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 13, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  13-15106-CC
Case Style: USA v. Genet Rembert, et al
District Court Docket No: 0:12-cr-60312-JIC-2

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel. A copy of the court's decision was previously forwarded to counsel on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to:  Joe Caruso
Phone #:  (404) 335-6177

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 13-15106
_____

District Court Docket No.
0:12-cr-60312-JIC-2

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

versus

GENET REMBERT,
a.k.a. Fire,
a.k.a. Sabrina,
MACKENLEY DESIR,
a.k.a. Zoe,
a.k.a. Daddy,

                 Defendants - Appellants.

_____

Appeals from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 30, 2014
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate
November 13, 2014

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15106
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60312-JIC-2

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

GENET REMBERT,
a.k.a. Fire,
a.k.a. Sabrina,
MACKENLEY DESIR,
a.k.a. Zoe,
a.k.a. Daddy,

                Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 30, 2014)

Before WILLIAM PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this multi-defendant appeal, Genet Rembert appeals her conviction after a jury found her guilty of one count of conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and Mackenley Desir appeals his convictions after a jury found him guilty of two counts of sex trafficking by force, threats, fraud, or coercion, in violation of 18 U.S.C. § 1591, and one count of conspiracy to commit sex trafficking.

Briefly stated, Rembert argues that the district court erred in admitting, at trial, a letter Desir wrote to her that was seized from his jail cell before she read it, recorded telephone conversations between her and Desir from jail, and a recorded telephone conversation between her and another prostitute from jail. Desir argues that the district court abused its discretion by denying his first motion for a new trial, which was based on an allegedly improper denial of his right to testify. He also argues that the district court abused its discretion in denying his second motion for a new trial, which was based on newly discovered evidence.

We see no reversible error.

I.

We review preserved claims about admission of evidence for abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000). We may affirm the district court on any ground supported by the record. *Lucas v. W.W. Grainger*, 257 F.3d 1249, 1256 (11th Cir. 2001).

"'Hearsay' means a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . [that] a party offers in evidence to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801(c). A statement made by the party against whom it is offered is not hearsay. Fed.R.Evid. 801(d)(2)(A). A statement "made by the party's coconspirator during and in furtherance of the conspiracy" is also not hearsay. Fed.R.Evid. 801(d)(2)(E). Hearsay is inadmissible unless a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed.R.Evid. 802.

Evidence is relevant if it has a tendency to make the existence of a fact more or less probable. Fed.R.Evid. 401(a). The district court may nonetheless exclude such evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice" to the defendant. Fed.R.Evid. 403. The main function of Rule 403 is to exclude evidence with little probative value that was submitted only to prejudice the defendant. *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.

1979) (refusing to overturn the district court's decision permitting graphic photographs of the deceased and the death scene because, although the photographs were "not pretty even to the hardened eye," neither was the crime). "Rule 403 is an extraordinary remedy," which courts should employ "sparingly" because it allows the court to exclude probative evidence. *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).

None of Rembert or Desir's post-arrest statements were hearsay. For Rembert's statements, statements of a party -- when offered against that party -- are not hearsay. Fed.R.Evid. 801(d)(2)A). Besides, Desir's statements were not introduced for the truth of what was asserted, but as circumstantial evidence showing that a conspiracy existed and illustrating the roles that Rembert and Desir played in that conspiracy. *See* Fed.R.Evid. 801(c). All of the evidence was probative for the existence of a conspiracy and the defendants' participation in it, and the probative value was not substantially outweighed by the evidence's prejudicial effect. *See* Fed.R.Evid. 403. The district court did not err in admitting the letter and phone calls into evidence.

4

II.

"We review the district court's denial of a motion for new trial for abuse of discretion." *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a).

A criminal defendant has a right to testify on his own behalf, but that right is "not without limitation" and must sometimes "bow to accommodate other legitimate interests in the criminal trial process." *Rock v. Arkansas*, 483 U.S. 44, 49, 55, 107 S.Ct. 2704, 2708, 2711, 97 L.Ed.2d 37 (1987). Therefore, "[a]lthough often framed as a right to testify, it is more properly framed as a right to choose whether to testify." *United States v. Hung Thien Ly*, 646 F.3d 1307, 1313 (11th Cir. 2011). "Like other fundamental trial rights, the right to testify is truly protected only when the defendant makes his decision knowingly and intelligently." *Id.*

In *United States v. Byrd*, 403 F.3d 1278 (11th Cir. 2005), we joined "the First and Eighth Circuits in holding that an accused's right to testify generally must be exercised at the appropriate time, which is before the evidence-taking portion of the trial has closed." *Byrd*, 403 F.3d at 1283. In assessing whether the district court abused its discretion in deciding not to reopen the evidence so that the defendant could testify, we considered the circumstances: "(1) the timeliness of the

5

motion to reopen, (2) the character of the testimony to be offered, (3) the effect of granting the motion to reopen, and (4) the reasonableness of the excuse for the request to reopen." *Id*. at 1283-84.

The right to testify must generally be exercised before the close of the evidence; and here, the factors for determining whether the district court abused its discretion in declining to reopen the evidence were not in Desir's favor. *See id.* Desir's request to testify was not timely: it was made after the jury had been charged, several days after he waived his right to testify and after the evidence-taking portion of the trial closed. The government would have been adversely affected, as closing arguments were all that were scheduled for the pertinent day and, therefore, the government did not have its rebuttal witnesses. The district court determined that the belated request (made in the jury's presence) came without a reasonable excuse and instead was a "calculated and contrived" attempt to influence the jury; the court did not abuse its discretion in doing so. Motions for new trial are disfavored. Because Desir's situation did not warrant reopening evidence to allow him to testify after he had previously waived that right, *see Byrd*, 403 F.3d at 1283-84, the district court did not abuse its discretion by denying his first motion for a new trial.

6

III.

A defendant must satisfy four elements to merit a new trial based on newly discovered evidence: "(1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must . . . probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of due diligence on the part of the defendant." *United States v. Scrushy*, 721 F.3d 1288, 1304-05 (11th Cir. 2013). "Motions for a new trial based on newly discovered evidence are highly disfavored . . . and should be granted only with great caution." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc).

Here, even if we were to determine that Desir exercised due diligence in obtaining his newly discovered evidence, it -- evidence dealing with the truthfulness of a government witness's testimony -- was merely impeaching and cumulative; and the evidence did not demand a new trial. *See Scrushy*, 721 F.3d at 1304-05.  The district court did not abuse its discretion in denying Desir's second motion for a new trial.

Desir's motion to discharge counsel is DENIED.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 30, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-15106-CC
Case Style: USA v. Genet Rembert, et al
District Court Docket No: 0:12-cr-60312-JIC-2

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion